ALDERMAN, Justice,
concurring in part, dissenting in part.
The Conference of County Court Judges of Florida petitions this Court to amend Canon 5 C(2) and to abolish Canon 7 B(2) of the Code of Judicial Conduct. Contrary to the majority, I would grant in part the requested amendment of Canon 5 C(2). I agree, however, that there should be no change of Canon 7 B(2).
Canon 5 C(2) provides:
Subject to the requirements of subsection (1), a judge may hold and manage investments, including real estate, and engage in other remunerative activity, but should not serve as an officer, director, manager, advisor, or employee of any business. (Emphasis supplied.)
The county court judges seek to eliminate the underlined language, the effect of which is to prohibit judges from engaging in corporate activities. The county judges point out that under Canon 5, a judge is allowed to engage in remunerative activities and to manage investments so long as his activities do not reflect on his impartiality, interfere with his judicial duties, exploit his judicial position to gain a business advantage, or involve him in frequent transactions with lawyers or persons likely to appear before the court. They contend that the portion of Canon 5 C(2) in question unnecessarily prohibits a judge from doing through a corporation those things that he legitimately could do individually.
The Effective Date of Compliance section of the Code of Judicial Conduct qualifies this prohibition by providing that, if the demands on his time and the possibilities of conflicts of interest are not substantial, a person who held judicial office on the date the code became effective (September 30, 1973), may continue to act as an officer, director, or nonlegal advisor of a family business. If, subject to the restrictions of Canon 5, those judges who were in office prior to September 30, 1973, may act as officers, directors, or nonlegal advisors of family corporations, I see no reason why all judges should not have the same privilege. I would extend this family business exception so that all judges, regardless of when they became judges, would be able to act as an officer, director, or nonlegal advisor of a family corporation.